Opinion issued May 17, 2007

 









In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00946-CR






DAVID M. DONOVAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 756,982






O P I N I O N

 Appellant, David M. Donovan, appeals the trial court's judgment revoking his
deferred adjudication community supervision and convicting him of aggravated
sexual assault of a child. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon 2006), Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2006). The trial court
assessed punishment at 45 years in prison. See Tex. Code Crim. Pro. Ann. art.
42.12, § 5(b). In six issues on appeal, appellant contends that: (1) the trial court erred
in overruling his motion to dismiss for lack of jurisdiction; (2) the trial court erred in
refusing to allow him to present witnesses in his defense; (3) the trial court judge
erred in refusing to recuse herself because she had pre-judged appellant's guilt; (4) he
was improperly required to admit guilt in a community supervision treatment
program, even though he denied guilt and pleaded nolo contendere at trial; (5) the
trial court erred in revoking his community supervision based on failure to comply
with terms set by a probation officer, rather than a judge; and (6) the evidence is
insufficient to prove that appellant had failed to pay court fees. 

 We conclude that all of appellant's issues relate to the trial court's decision to
adjudicate guilt, over which we lack jurisdiction. However, we have jurisdiction to
reform the trial court's judgment to conform to the trial court's oral pronouncement
of sentence. We reform the judgment and, as reformed, affirm the conviction. (1) 

Background

 On February 28, 2002, the trial court placed appellant on five years' deferred
adjudication for aggravated sexual assault of a child, after accepting his plea of nolo
contendere. (2) The conditions of appellant's community supervision included, among
other conditions, that he report to a supervision officer, pay various fees, remain
within a specified place in Harris County, register as a sex offender, and receive
treatment for sex offenders. In September 2003, about 18 months after he was placed
on community supervision, the State filed a motion to adjudicate his guilt, alleging
that he failed to pay various fees and failed to participate in sex offender treatment. 
Appellant was released on bond, but failed to appear at his scheduled court setting on
December 17, 2003, which resulted in the trial court forfeiting his bond. The State
amended its motion to adjudicate by adding a violation for failing to register a change
of address with the Harris County Sheriff's Department. With the assistance of
Interpol, an international police agency, appellant was located in Jakarta, Indonesia
in September 2004. Appellant did not report to a community supervision officer from
January 2004 to August 2004, nor did he pay fees for those months. 

 On April 4, 2005, the State filed a third Motion to Adjudicate Guilt, alleging
that appellant (1) failed to report within seven days his intended change of address
in December 2003; (2) failed to appear in court in December 2003; (3) failed to pay
Supervision and Laboratory Processing Fees and his payment to the Sex Assault
Program fund; and (4) failed to participate in Sex Offender Treatment. 

 On April 27, 2005, at the hearing on the motion to adjudicate guilt, appellant
filed a Motion to Dismiss for Lack of Jurisdiction, in which he argued that the trial
court lacked jurisdiction both at the time deferred adjudication was imposed and at
the hearing to adjudicate guilt because he was not in Harris County at the time of the
commission of the aggravated sexual assault of a child. Appellant offered evidence,
including written affidavits from witnesses, that purported to show that on the
weekend of the sexual assault, he was in Waller County. He asserts that even if he
committed the sexual assault, he must have done so in Waller County and the Harris
County district court therefore lacked jurisdiction over the original proceeding. The
trial court declined to hear any witnesses on the matter of whether appellant was in
Waller County on the weekend of the sexual assault, stating that a habeas corpus
proceeding was the appropriate way to litigate the matter. 

 Also on April 27, appellant filed a Motion to Recuse the trial judge, alleging
that on 24 occasions prior to the hearing on the motion to adjudicate, the trial court
judge made comments indicating that she had prejudged appellant's guilt. Judge
Underwood, the Presiding Judge of the Second Administrative Judicial Region, in
May 2005, denied appellant's motion to recuse Judge Krocker, the judge that presided
over the motion to adjudicate. 

 On September 30, 2005, the trial court adjudicated appellant's guilt and in open
court orally assessed a punishment of confinement for 45 years. The trial court's
judgment, however, reflects a sentence of confinement for 40 years. The judgment
shows that the trial court found true the violations that appellant failed to register as
a sexual offender, failed to report to his probation officer as instructed, and failed to
pay supervision fees.

 Appellant filed a motion for new trial complaining of the trial court's refusal
to hear witnesses that were pertinent to the court's jurisdiction over the case and
asserting that the trial court lacked jurisdiction over the case. The trial court denied
the motion for new trial. Jurisdiction

 An appeal is available only when the Legislature has authorized that appeal. 
See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The Legislature has
specifically stated that no appeal may be taken from a trial court's determination to
adjudicate guilt following a deferred adjudication. Davis v. State, 195 S.W.3d 708,
710 (Tex. Crim. App. 2006). The Code of Criminal Procedure provides: 

On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant
may be arrested and detained as provided in Section 21 of
this article. The defendant is entitled to a hearing limited
to the determination by the court of whether it proceeds
with an adjudication of guilt on the original charge. No
appeal may be taken from this determination. After an
adjudication of guilt, all proceedings, including assessment
of punishment, pronouncement of sentence, granting of
community supervision, and defendant's appeal continue
as if the adjudication of guilt had not been deferred.


 Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (emphasis added). 

 The court of criminal appeals has recognized a limited exception to the
Legislature's broad prohibition of appeals where the original judgment imposing
deferred adjudication was void, or a "nullity." See Nix v. State, 65 S.W.3d 664,
667-68 (Tex. Crim. App. 2001). The court stated that a judgment of conviction is
void when (1) the document purporting to be a charging instrument (i.e. indictment,
information, or complaint) does not satisfy the constitutional requisites of a charging
instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial
court lacks subject matter jurisdiction over the offense charged, such as when a
misdemeanor involving official misconduct is tried in a county court at law, (3) the
record reflects that there is no evidence to support the conviction, or (4) an indigent
defendant is required to face criminal trial proceedings without appointed counsel,
when such has not been waived. Id. at 668. The court stated that this list is very
nearly exclusive. Id.

 Appellant's first two issues assert that, because he could not have committed
the alleged offense in Harris County, the trial court lacked jurisdiction to place him
on community supervision and erred in the hearing on the motion to adjudicate by not
allowing him to present evidence as to where he was when the offense was
committed. In criminal cases, jurisdiction refers to "the authority or power of a court
to try a case," while venue refers to "the place or county where a case may be tried." 
Etchieson v. State, 574 S.W.2d 753, 759 (Tex. Crim. App. 1978); State v.
Blankenship, 170 S.W.3d 676, 681 (Tex. App.--Austin 2005, pet. ref'd). The terms
are not interchangeable. Etchieson, 574 S.W.2d at 759; Blankenship, 170 S.W.3d at
681. Appellant's challenges concerning in which county he was when the sexual
assault took place relate to venue, and not to jurisdiction. See Tex. Code Crim.
Proc. Ann. art. 13.15 (Vernon 2005) (county were offense committed is appropriate
venue for sexual assault prosecution); Etchieson, 574 S.W.2d at 759. A complaint
of improper venue is not included by the court of criminal appeals among the
complaints that would render a judgment void. See Nix, 65 S.W.3d at 668. Even if
appellant were correct that the venue in Harris County was improper because the
offense occurred in Waller County, that error would not render the judgment "void." 
See id. Appellant therefore may not attack the propriety of the venue of the original
offense in a hearing concerning a motion to adjudicate guilt. See id. at 667. We
therefore lack jurisdiction to consider issues one and two.

Appellant's Remaining Claims

 Appellant in his remaining issues contends that the trial court judge should
have been recused, (3) that appellant was improperly required to admit his guilt as part
of a community supervision treatment program, (4) that community supervision terms
were set by a probation officer and not the judge, and that the State failed to prove
that appellant did not pay required fees. These issues relate to the trial court's
decision to adjudicate guilt. The Code of Criminal Procedure provides that no appeal
lies from a trial court's decision to adjudicate guilt pursuant to article 42.12. See Tex.
Code Crim. Proc. Ann. art. 42.12 § 5(b); see also Davis, 195 S.W.3d at 711
(Legislature has specifically barred appeal from determination to adjudicate). We
therefore lack jurisdiction to consider appellant's remaining issues.


Reformation of Judgment

 The State requests that we reform the trial court's judgment to conform with
the trial court's oral pronouncement at the hearing. At the culmination of the deferred
adjudication hearing, the trial court orally pronounced sentence at 45 years in prison, 
but the trial court's judgment shows that appellant was sentenced to 40 years in
prison. 

 We have jurisdiction over the pronouncement of sentence that occurs after an
adjudication of guilt because, according to the Code of Criminal Procedure, "all
proceedings, including . . . pronouncement of sentence . . . continue as if the
adjudication of guilt had not been deferred." See Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b). The trial court must pronounce a defendant's sentence orally in his
presence. Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (citing Tex.
Code Crim. Proc. art. 42.03 § 1(a) (Vernon 2006)). The written judgment is merely
the embodiment of the oral pronouncement. Id. When the oral pronouncement and
the written judgment conflict, the oral pronouncement controls. Id. The record
shows that the trial court, in its oral pronouncement, sentenced appellant "to 45 years
in the Institutional Division of the Texas Department of Criminal Justice." We
therefore reform the written judgment to conform with that oral pronouncement,
striking the sentence of confinement for 40 years and replacing it with a sentence of
confinement for 45 years.

Conclusion

 We lack jurisdiction over appellant's complaints that pertain to the trial court's
decision to adjudicate his guilt. We reform the judgment of the trial court and, as
reformed, affirm the conviction. 




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Publish. Tex. R. App. P. 47.2(b).





1. The State has filed a motion to dismiss appellant's appeal for want of jurisdiction. 
That motion is denied.
2. Appellant appealed from the trial court's order placing him on deferred adjudication. 
In his original appeal, he challenged the trial court's refusal to conduct a motion for
new trial hearing on the voluntariness of his plea of nolo contendere that resulted in
the deferred adjudication sentence. The Court of Criminal Appeals affirmed
appellant's deferred adjudication order in January 2002. See Donovan v. State, 68
S.W.3d 633, 638 (Tex. Crim. App. 2002). 
3. Here, the trial court judge declined to recuse herself, and referred the matter to Judge
Underwood, the presiding judge of the Second Administrative Judicial Region, who
denied the motion. Appellant does not complain of Judge Underwood's denial, but
only of the trial court judge's refusal to recuse herself. In his brief to this Court,
appellant states:


JUDGE KROCKER'S REFUSAL TO RECUSE HERSELF . . .
AFTER INDICATING THAT SHE HAD PRE-JUDGED THE
DEFENDANT'S GUILT OR INNOCENCE PRIOR TO THE
HEARING ON THE MOTION TO ADJUDICATE, IS AN
ABUSE OF DISCRETION . . . .


 He concludes his argument on the issue by stating that "Judge Krocker should have
agreed to recuse herself as she placed her own impartiality in question . . . ." 
Appellant has not asserted any challenge to Judge Underwood's ruling, nor has he
asserted any complaint relating to the punishment phase of trial. See Tex. R. App. P.
33.1 (preservation of complaint on appeal).
4. According to the judgment, the trial court did not revoke the community supervision
on this ground.